HtnnFiN, Judge.
 

 The instruction, that the deed from the father to the son, if voluntary, was fraudulent and void as against the creditor, under whose execution the lessor of the plaintiff purchased, .is the only point in the charge of the court, to which exception is taken.
 

 The debt was antecedent to the settlement — being for a default in the office of sheriff, which was resigned in April, 1823, and the deed being executed in July following.
 

 The position thus laid down by the judge, in a case like this, cannot admit of a question. It ought not to bo brought into doubt for a moment. Under statute 13
 
 Eliz.
 
 debts subsequently contracted by one. who had made himself insolvent, by a previous voluntary convey-anee immediately before, have been protected, upon the ground, that the deed was made with the view to become indebted. Biit the common law always preserved existing rights.
 
 (Upton v. Bassett, Cro. Eliz.
 
 444.) Audit has always been true, that a conveyance, by one indebted-at the time to the extent of insolvency, even to a child who pays no price, or one altogether inadequate and co-lorablc, was void as against pre-existing debts. Every eminent judge, who has sat either in courts of law or-equity, for more than twq hundred years past, has had occasion to say so, and has said so. A gift by a person, unable to pay bis debts, so directly and inevitably tends1 to delay and binder the creditor, and so plainly .violates the first moral duty — honesty—that the least regard to fair dealing and integrity imposes it upon the court to pronounce it void. It must be so, if creditors are to have any security for their debts beyond the mere will of the debtor. Such a transaction is not to be looked on
 
 *84
 
 only .as a means by which the intent to defraud’may be
 
 \
 
 inferred by a jury : it
 
 must
 
 be. The act is altogether ^incompatible, and irreconcilable with a contrary intent.
 
 j-j-
 
 js an acq
 
 0£
 
 fj.aU(|5 jjj itgeif. Whether the deed was, in point of fact, voluntary or not, was properly left to the jury.
 

 Per Curiam. — Judgment affirmed.